EGW/CMS: USAO 2022R00632

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | * | |
| | * | 23-cr-00337-DLB |
| v. | * | CRIMINAL NO. |
| | * | USDC- GREENBELT |
| SATBIR THUKRAL, | * | '23 SEP 21 PM 4:15 |
| | * | (Interference with Commerce by |
| Defendant | * | Extortion, 18 U.S.C. § 1951(a); |
| | * | Attempted Witness Tampering, 18 |
| | * | U.S.C. § 1512(b)(3); Forfeiture, |
| | * | 18 U.S.C. § 981(a)(1)(C), 21 U.S.C. |
| | * | § 853(p), 28 U.S.C. § 2461(c)) |
| | * | |

*******

## INDICTMENT

### COUNT ONE
**(Interference with Commerce by Extortion)**

The Grand Jury for the District of Maryland charges that:

**Introduction**

At times relevant to this Indictment:

1. Defendant **SATBIR THUKRAL** ("**THUKRAL**") was a resident of Maryland.

2. **THUKRAL** was employed as an information technology ("IT") manager for the Internal Revenue Service ("IRS"), assigned to an office in Lanham, Maryland.

3. **THUKRAL** had a supervisory role in connection with contracts between the IRS and various businesses.

4. Victim 1 was a resident of New Jersey.

5. Business 1 was a professional services firm, based outside of Maryland, that conducted business in Maryland and elsewhere. Victim 1 was the President of Business 1.

6. Business 2 was a consulting firm, based outside of Maryland, that conducted

business in Maryland and elsewhere. Business 2 had a prime contract with the IRS for the performance of IT services.

7. Business 3 was a consulting firm, based outside of Maryland, that conducted business in Maryland and elsewhere. Business 3 also had a prime contract with the IRS for the performance of IT services.

8. From approximately September 2018 through March 2020, Business 2 subcontracted with Business 1 to assist in executing Business 2's contract with the IRS.

9. Beginning in or around June 2020 through at least February 2021, Business 1 worked through a subcontract with a different company to assist in executing Business 3's contract with the IRS.

10. **THUKRAL** had a supervisory role in connection with Business 2's work with the IRS under its contract and in connection with certain portions of Business 3's work with the IRS.

### **THUKRAL's Extortion Scheme**

11. **THUKRAL** and Victim 1 had attended school together and remained in touch afterwards.

12. In early 2018, Victim 1 and Business 1 were unemployed.

13. In or around March 2018, Victim 1 provided Victim 1's resume to **THUKRAL**. **THUKRAL** passed and caused the passing of Victim 1's resume within the IRS, to Business 2, and elsewhere for purposes of facilitating the hiring of Business 1 as a subcontractor on a prime contract with the IRS.

14. Beginning in or around September 2018, Business 1 was hired as a subcontractor by Business 2 to perform services in support of Business 2's contract with the IRS.

15. In or around October 2018, **THUKRAL** demanded that Victim 1 pay **THUKRAL** a portion of Victim 1's earnings on Business 1's subcontract with Business 2. To convince Victim 1 to comply with **THUKRAL**'s demands, **THUKRAL** told Victim 1 that **THUKRAL** had enabled Business 1's employment on its subcontract with Business 2 and told Victim 1 that there would be contractual consequences to Business 1 and Victim 1 if Victim 1 did not pay **THUKRAL**.

16. In or around October 2018, **THUKRAL** also demanded that Victim 1 pay **THUKRAL** a portion of Business 1's earnings from an employee who worked with Victim 1 on Business 1's subcontract with Business 2.

17. In or around April 2019, **THUKRAL** also demanded that Victim 1 pay **THUKRAL** a portion of Business 1's earnings from another employee who worked with Victim 1 on Business 1's subcontract with Business 2.

18. In or around March 2020, Business 2's contract with the IRS terminated.

19. Beginning in or around June 2020, Business 1 performed subcontract work to assist in executing Business 3's contract with the IRS.

20. From in or around June 2020 through in or around February 2021, **THUKRAL** demanded that Victim 1 pay **THUKRAL** a portion of the earnings of Victim 1 and the two additional employees whom Victim 1 had hired to work on Victim 1's subcontract to assist Business 3.

21. From in or around October 2018 through and including December 2020, Victim 1 provided such payments to **THUKRAL**. Victim 1 provided payments to **THUKRAL** both in Maryland and at locations outside of Maryland, from where **THUKRAL** brought the payments into Maryland. These payments included a portion of Victim 1's earnings on Business 1's

3

subcontract with Business 2, subcontract to assist Business 3, and the two additional employees, totaling at least approximately $120,000. Victim 1 made these payments out of fear that **THUKRAL** and others associated with **THUKRAL** would cause Victim 1 economic and reputational harm if Victim 1 did not pay **THUKRAL**.

## The Charge

22. Between in or around October 2018 and in or around February 2021, in the District of Maryland and elsewhere, the defendant,

**SATBIR THUKRAL,**

did knowingly and unlawfully obstruct, delay, and affect commerce and the movement of articles and commodities in commerce by extortion, and attempted to do so, that is, the defendant obtained and attempted to obtain at least approximately $120,000 in United States currency, the property of Victim 1, with Victim 1's consent induced by the wrongful use of fear, including fear of economic loss.

18 U.S.C. § 1951(a)

## COUNT TWO
### (Attempted Witness Tampering)

The Grand Jury for the District of Maryland further charges that:

1. Paragraphs 1 through 21 of Count One are incorporated herein.

### THUKRAL's Attempted Witness Tampering

2. In or around February 2023, Victim 1 informed **THUKRAL** that Victim 1 had been approached by federal investigators inquiring about the cash withdrawals from Victim 1's bank accounts that Victim 1 had paid to **THUKRAL**.

3. In or around February 2023, **THUKRAL** attempted to persuade Victim 1 to deceive the federal investigators about the reason for Victim's 1 cash withdrawals and about **THUKRAL**'s extortion scheme.

### The Charge

4. On or about February 10, 2023, in the District of Maryland, the defendant,

**SATBIR THUKRAL,**

did knowingly attempt to corruptly persuade Victim 1 with intent to hinder, delay, and prevent the communication to a law enforcement officer of the United States of information relating to the commission or possible commission of a federal offense.

18 U.S.C. § 1512(b)(3)

## FORFEITURE ALLEGATION

The Grand Jury for the District of Maryland further finds that:

1. Pursuant to Fed. R. Crim. P. 32.2, notice is hereby given to the defendant that the United States will seek forfeiture as part of any sentence in accordance with 18 U.S.C. § 981(a)(1)(C), 21 U.S.C. § 853(p) and 28 U.S.C. § 2461(c), in the event of the defendant's conviction of the offenses alleged in Count One and Count Two of this Indictment.

### Extortion and Witness Tampering Forfeiture

2. Upon conviction of an offense set forth in Counts One and Two, the defendant,

**SATBIR THUKRAL,**

shall forfeit to the United States, pursuant to 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c), any property, real or personal, which constitutes or is derived from proceeds traceable to such offense.

3. The property to be forfeited includes, but is not limited to, a forfeiture money judgment in the amount of at least $120,000 in U.S. currency.

### Substitute Assets

4. If any of the property described above as being subject to forfeiture, as a result of any act or omission of the defendant:

   a. cannot be located upon the exercise of due diligence;
   
   b. has been transferred or sold to, or deposited with, a third party;
   
   c. has been placed beyond the jurisdiction of the court;
   
   d. has been substantially diminished in value; or
   
   e. has been commingled with other property which cannot be divided without difficulty;

it is the intent of the United States, pursuant to 21 U.S.C. § 853(p), as incorporated by 28 U.S.C. § 2461(c), to seek forfeiture of any other property of the defendant up to the value of the forfeitable property described above.

18 U.S.C. § 981(a)(1)(C)
21 U.S.C. § 853(p)
28 U.S.C. § 2461(c)

**SIGNATURE REDACTED**

_____
Erek L. Barron
United States Attorney

_____
Glenn S. Leon, Chief
Fraud Section, Criminal Division
U.S. Department of Justice

Date:   September 21, 2023